## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| RONALD W. NOTHDURFT and | ) | |
| NANCY A. NATTERMAN-NOTHDURFT | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| _____ | ) | |
| MARIANN POGGE, Trustee, | ) | District Court |
| Appellant, | ) | No. 14-3391 |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | Bankruptcy Case |
| | ) | No. 14-71307 |
| RONALD W. NOTHDURFT and | ) | |
| NANCY A. NATTERMAN-NOTHDURFT, | ) | Honorable Mary P. |
| Debtors, | ) | Gorman |
| | ) | |
| Appellees. | ) | |
| | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Debtors/Appellees, Ronald W. Nothdurft and Nancy A.
Natterman-Nothdurft, claimed an exemption to funds held in a bank
account that were traceable to State of Illinois pension payments.
Appellant, Mariann Pogge, Trustee, filed an objection to the
exemption. Mary P. Gorman, the United States Chief Bankruptcy

Judge, denied the objection and allowed the exemption. The Trustee filed an appeal. Because the relevant statutory provision exempts a debtor's interest in a pension payment received and held for use of the funds for support, the decision of the Bankruptcy Court is AFFIRMED.

## I. BACKGROUND

On July 17, 2014, the Debtors filed Chapter 7 bankruptcy. Docket Sheet, R. 1; Voluntary Petition, R. 5. When the Debtors filed the bankruptcy petition, a Credit Union 1 account held $8,000. Schedule B-Personal Property, R. 19. The account consisted of accumulated deposits from State of Illinois pension payments (which were paid in the amount of $2,707.27 per month) and Social Security payments (which were paid in the amount of $1,994.90 per month). R. 57.

The Debtors claimed several exemptions on Schedule C. Schedule C—Property Claimed as Exempt, R. 22. Among other exemptions, the Debtors claimed an exemption to $4,000 in the Credit Union 1 account pursuant to 735 ILCS 5/12-1006, which provides an exemption for retirement plans. The Debtors also

claimed a $4,000 exemption to funds in the Credit Union 1 account pursuant to 735 ILCS 5/12-1001(g)(1),(2),(3), which provides for an exemption for a debtor's right to receive a Social Security benefit. <u>See</u> R. 22.

On July 23, 2014, the Trustee filed objections to these two claimed exemptions.   Objection to Claims of Exemption, R. 51.   The Trustee argued that § 12-1006 applied only to assets held in a pension or retirement plan and not to funds already received.   <u>Id.</u> The Trustee also argued that § 12-1001(g) applied only to a debtor's right to receive the Social Security benefit and not to funds already received.   <u>Id.</u>; <u>see</u> <u>also</u> Trustee's Mem., R. 64 (noting that while proceeds traceable to social security benefits are exempt under 42 U.S.C. § 407, the Debtors had not claimed an exemption under that statute).

Following a hearing and briefing of the issues by the parties, the Bankruptcy Court issued an Opinion denying the Trustee's objection to the Debtors' claim of exemption in the pension funds but allowing the Trustee's objection to the Debtor's claim of exemption in the Social Security benefits.   Opinion, R. 71-80; Order, R. 81-82.

With regard to the Social Security benefits, the Bankruptcy Court found that "the exemptions provided by § 12-1001(g) are limited by the language in the statute providing that the exemption applies only to the 'right to receive' the listed benefits." Opinion, R. 73 (citing cases). Therefore, Social Security payments received pre-petition and held in a bank account were not exempt under § 12-1001(g). Id. at 79 (noting that the "Debtors may well be able to claim the [Social Security] benefits exempt under federal law, but it is up to them to affirmatively do so").

With regard to the pension payments, the Bankruptcy Court primarily relied upon Auto Owners Insurance v. Berkshire, 588 N.E.2d 1230 (Ill. App. Ct. 1992), which held that § 12-1006 exempts pension payments already received, so long as the funds claimed to be exempt remain intended for a debtor's support. Opinion, R. 76.

This appeal followed. Only the issue of the pension payments is challenged on appeal.

## II. JURISDICTION

The Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158 (providing that district courts have jurisdiction to

hear an appeal from a final judgment, order, or decree).

## III. STANDARD OF REVIEW

This Court reviews <u>de novo</u> whether a debtor is entitled to a bankruptcy exemption. <u>Fowler v. Shadel</u>, 400 F.3d 1016, 1017 (7th Cir. 2005).

## IV. ANALYSIS

Because Illinois has opted out of the federal exemption scheme, the Debtors are limited to the exemptions allowed under Illinois law. <u>See</u> 11 U.S.C. § 522(b) (allowing states to opt out of the federal exemption scheme for property listed in § 522(d)); 735 ILCS 5/12-1201 (prohibiting Illinois residents from using the federal exemptions provided in 11 U.S.C. § 522(d) except as otherwise permitted under the laws of Illinois); <u>In re Marriage of Logston</u>, 469 N.E.2d 167, 173 (Ill. 1984). Illinois provides the following exemption for retirement plans:

> Exemption for retirement plans. (a) <u>A debtor's interest in
> or right, whether vested or not, to the assets held in or to
> receive pensions, annuities, benefits, distributions,
> refunds of contributions, or other payments under a
> retirement plan is exempt from judgment, attachment,
> execution, distress for rent, and seizure for the satisfaction
> of debts</u> if the plan (i) is intended in good faith to qualify as

> a retirement plan under applicable provisions of the
> Internal Revenue Code of 1986, as now or hereafter
> amended, [footnote omitted] or (ii) is a public employee
> pension plan created under the Illinois Pension Code, as
> now or hereafter amended.   [Footnote omitted.]
>
> * * *
>
> (d) This Section applies to interests in retirement plans
> held by debtors subject to bankruptcy, judicial,
> administrative or other proceedings pending on or filed
> after August 30, 1989.

735 ILCS 5/12-1006(a), (d) (emphasis added).   The Trustee does not dispute that the pension payments at issue came from a "retirement plan" as defined by the statute   See Opinion, R. 75 n.1; see also 735 ILCS 5/12-1006(b)(4) (defining "retirement plan" to include "a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended").

In construing this exemption statute, this Court must apply state law.   See In re Salzer, 52 F.3d 708, 711 n.3 (7th Cir. 1995) ("The nature and extent of allowable exemptions is a matter of state law"); In re Barker, 768 F.2d 191, 196 (7th Cir. 1985) (applying Illinois law to question of whether a debtor can stack his exemptions). Where, as here, the Illinois Supreme Court has not addressed the

issue, the Court follows the decisions of intermediate appellate courts unless there is a convincing reason to predict that the Illinois Supreme Court would disagree with the holdings of the intermediate appellate courts. ADT Sec. Servs., Inc. v. Lisle–Woodridge Fire Protection Dist., 672 F.3d 492, 498 (7th Cir. 2012).

The Trustee argues that § 12-1006 does not protect the Debtors' interest in bank account proceeds traceable to pension benefits. The Trustee asserts that this Court should not follow the Berkshire case relied upon by the Bankruptcy Court because there are persuasive indications that the Illinois Supreme Court would decide the issue differently.

As noted above, the Bankruptcy Court relied on the Second District Appellate Court decision in Auto Owners Insurance v. Berkshire, 588 N.E.2d 1230. In Berkshire, the defendant argued that $696.32 in a bank account was exempt from execution under § 12-1006 because the funds were traceable to the proceeds of retirement benefits. Id. at 1231. The Berkshire court examined the language of § 12-1006 and found that the statute protects a debtor's interest "in the assets" and the debtor's "right to receive" benefits and

other payments under a retirement plan.   Id. at 1232.   The court concluded:

> Section 12-1006 applies to the proceeds traceable to pension plan payments.   By its very terms, it protects the principal as well as the income or the right to receive payments.   Where the purpose of an exemption is to protect income necessary for the support of a debtor and his family, it makes no sense to allow the funds to be exempt so long as the debtor cannot use them.

Id. at 1232-33.

The Berkshire court limited the concept of tracing, however, by finding that if the funds are not being used for support, the funds lose their exempt character.   Id. at 1232-33 (noting that the purpose of the exemption statute is "to protect income necessary for the support of a debtor and his family").   Moreover, exempt funds remain exempt if the funds retained the "quality of moneys," meaning the funds were not converted into an investment.   Id. (noting that exempt payments that are transformed into an investment lose their exempt status).

Because the record was not clear regarding the character of the funds in Berkshire, the court remanded the case to the trial court to make an additional finding on the character of the funds.   Id. at 1234.   The Berkshire court noted that if the funds were from a

lump-sum distribution of the defendant's interest in his pension plan, the funds were not exempt because the defendant failed to roll over the funds into another qualified plan. <u>Id.</u> If the funds were a pension distribution intended for support, the funds remained exempt so long as the funds retained the "quality of moneys" in the checking account. <u>Id.</u>; <u>see also</u> <u>In re Marriage of Thomas</u>, 789 N.E.2d 821, 831 (Ill. App. Ct. 2003) (holding that § 12-1006 "protects a debtor's interest in proceeds traceable to pension plan payments and a debtor's right to receive benefits, distributions, refunds of distributions, or other payments under a retirement plan"); <u>In re Ritter</u>, 190 B.R. 323, 326-27 (Bankr. N.D. Ill. 1995) (finding that the principle in <u>Berkshire</u> that § 12-1006 allows the debtor to receive benefits and to use them as well applied to withdrawals from qualified retirement accounts used to pay living expenses and attorney's fees).

The Trustee argues that the Illinois Supreme Court would not decide the case like the appellate court did in <u>Berkshire</u>. In support thereof, the Trustee points to <u>In re Weinhoeft</u>, 275 F.3d 604 (7th Cir. 2001) and <u>In re Schoonover</u>, 331 F.3d 575 (7th Cir. 2003). While

admitting that neither case is precisely on point, the Trustee argues that these cases illustrate that § 12-1006 is open to other reasonable constructions. The Trustee further argues that the Illinois Supreme Court would not allow tracing where no tracing language is included in the statute and where the legislature explicitly included tracing language in a related statute. Finally, the Trustee points to other bankruptcy courts that have questioned the holding in <u>Berkshire</u>.

The Court finds that the Trustee has not provided a convincing reason to predict that the Illinois Supreme Court would disagree with <u>Berkshire</u>.

Under Illinois law, the primary objective in construing a statute is to determine and give effect to the intent of the legislature. <u>Bettis v. Marsaglia</u>, 23 N.E.3d 351, 356 (Ill. 2014). The best indication of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. <u>People ex rel. Dir. of Corr. v. Booth</u>, 830 N.E.2d 569, 573 (Ill. 2005). The Court construes the statute as a whole. <u>Id.</u> "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." <u>Chi. Teachers Union, Local No. 1 v.</u>

<u>Bd. of Educ. of City of Chi.</u>, 963 N.E.2d 918, 923 (Ill. 2012).

Here, a plain reading of the statute exempts: (1) "[a] debtor's interest in or right . . . to the assets held in . . . a retirement plan"; and (2) "[a] debtor's interest in or right . . . to receive pensions, annuities, benefits, distributions, refunds of contributions or other payments under a retirement plan."  <u>See</u> 735 ILCS 5/12-1006.  The "interest in" language can essentially be construed as a limited form of tracing. <u>But see</u> <u>Berkshire</u>, 588 N.E.2d at 1233 (finding that "the concept of tracing is part of Illinois law even where the exemption statute does not specifically provide for it").   Such a construction is in keeping with statutory construction as applied by the Illinois Supreme Court.

The Trustee argues that <u>Berkshire</u> should not have inferred a tracing provision in § 12-1006 where the statute did not contain such a provision and where the legislature explicitly used tracing language in other related statutes.   The Trustee points to the statutory language in 735 ILCS 12-1001(h), which, like § 12-1006, is part of Article XII, Part 10 of the Illinois Code of Civil Procedure entitled "Exemption of Personal Property."   In § 12-1001(h), the legislature exempted a "debtor's right to receive, or property that is traceable to"

certain types of property, including awards under the crime victim's reparation statute. 735 ILCS 5/12-1001(h). The Trustee argues that when language is included in one section of a statute and omitted in another section of the same statute, it is presumed that the legislature acted intentionally. Trustee Brief, p. 6 (d/e 2), citing People v. Edwards, 969 N.E.2d 829, 837 (Ill. 2012).

The Trustee is correct that § 12-1006 does not use the term "traceable" while § 12-1001(h) does use that term. However, § 12-1006 uses the term "interest in," and § 12-1001(h) does not contain such term. A court must, if possible, give a reasonable meaning to each word. To ignore the "interest in" language in § 12-1006 and to construe that language in the same manner as the "right to receive" language would render the "interest in" language superfluous. The "interest in" language must mean something. This Court agrees with the Bankruptcy Court's conclusion that the "interest in" language is not limited to the Debtors' future interest in pension payments (like the "right to receive" language does) but includes the Debtors' current interest in the pension payments they received from the State of Illinois. See Opinion, R. 79.

The Court also finds the federal cases cited by the Trustee are distinguishable. The Trustee cites <u>In re Weinhoeft</u>, 275 F.3d 604 (7th Cir. 2001), and <u>In re Schoonover</u>, 331 F.3d 575 (7th Cir. 2003), for the proposition that § 12-1006 is open to a reasonable construction different than the construction made in <u>Berkshire</u>. In <u>In re Weinhoeft</u>, the Seventh Circuit noted that § 12-1006 covered two kinds of entitlements: "rights 'to the assets <u>held in</u>' pension plans, and rights to '<u>receive</u> pensions . . . <u>under</u> a retirement plan.'" <u>Id.</u> at 605 (emphasis in original). After citing § 12-1006, the Seventh Circuit found that the assets in question were not retirement funds at all. <u>Id.</u> at 605-606 (involving funds from the settlement of a wrongful-discharge suit). The Seventh Circuit did not even consider whether pre-petition pension payments held in a bank account are exempt under § 12-1006. <u>See</u> <u>also</u> <u>In re Schoonover</u>, 331 F.3d 575, 577 (7th Cir. 2003) (finding that § 12-1006 did not apply because the funds were not derived from a retirement plan). Therefore, the Seventh Circuit has not had the opportunity to construe the "interest in" language.

The Trustee also cites <u>In re Holtermann</u>, No. 98-83986, 1999

WL 33582613, at *4 (Bankr. C.D. Ill. June 21, 1999) (involving money received upon surrender of a life insurance policy and disagreeing with Berkshire's position that tracing applied where the statute is "silent on whether the exemption extends to proceeds or other substituted property") and In re Lee, 514 B.R. 578 (Bankr. C.D. Ill. 2014) (noting the criticism of Berkshire by judicial decisions that recognize that the legislature distinguishes between exempting a right to receive a benefit and exempting a payment after distribution). However, neither case addressed the "interest in" language or specifically held that Berkshire is no longer good law. Therefore, these cases do not persuade the Court that the Illinois Supreme Court would decide the case differently than Berkshire.

The Court recognizes that the different treatment under Illinois law for funds traceable to Social Security benefits and funds traceable to pension benefits is inconsistent. However, absent some affirmative indication that Illinois intended to treat funds traceable to pension benefits exactly the same as funds traceable to Social Security benefits, and in light of the different language used in both statutes, the Court concludes that a distinction was intended.

In accordance with <u>Berkshire</u>, the Court finds that the Debtors have an "interest in" the pension payments received pre-petition and held in a bank account for use for their current support.[1]   Therefore, the funds are exempt under § 12-1006.

## V. CONCLUSION

For the reasons stated, the decision of the Bankruptcy Court is AFFIRMED.   This case is closed.

ENTER: March 13, 2015

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE

---

[1] As the Bankruptcy Court noted, the Trustee did not claim that the Debtors were holding the funds for investment or that the funds were intended to be used for anything other than current support.   Opinion, R. 76 n.2.